UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REBECCA BATHON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:19CV923 RLW |
| ) | |
| JOHNSON & JOHNSON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on numerous motions filed by the parties. Currently pending are a Motion to Stay All Proceedings (ECF No. 5) filed by Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. (collectively referred to as "Johnson & Johnson Defendants")[1] and separate Motions to Dismiss Plaintiffs' Petition for Lack of Personal Jurisdiction filed by Defendants Cyprus Mines Corporation and Cyprus Amax Minerals Company (ECF Nos. 19 & 20). Plaintiffs Rebecca Bathon, Allan Bathon, and Diane Curran (collectively referred to as "Plaintiffs") have filed several motions, including a Motion to Remand (ECF No. 14), Motion for Expedited Consideration of Their Motion to Remand (ECF No. 13), and separate Motions to Stay Proceedings Including Any Action on Defendants Cyprus Mines Corporation's and Cyprus Amax Minerals Company's Motions to Dismiss Pending a Ruling on Plaintiffs' Motion to Remand (ECF No. 31 & 32). The Johnson & Johnson Defendants have also filed a Motion for Leave to File Their Memorandum of Law In Opposition to Plaintiffs' Motion to Remand in Excess of the Page Limitation (ECF No. 26) and Defendant

---

[1] Defendants Cyprus Mines Corporation and Cyprus Amax Minerals Company have joined the Johnson & Johnson Defendants' Motion to Stay All Proceedings. (ECF Nos. 23 & 24)

Schnuck Markets, Inc. has also filed an Unopposed Motion for Enlargement of Time to File Answer or Otherwise Response to Plaintiffs' Petition (ECF No. 30).

These three plaintiffs filed this case in state court alleging that the use of talc products caused damages related to the development of ovarian cancer.[2] The Johnson & Johnson Defendants removed the case to federal court on the grounds that diversity of citizenship exists because, *inter alia*, the only Missouri-based Defendant, Schnuck Markets, Inc., was fraudulently joined in this action.

Plaintiffs ask for an expedited ruling from the Court remanding the case to state court prior to the disposition of the Motion to Stay. Defendants seek a stay of this matter pending transfer to the multidistrict litigation now pending before Judge Freda Wolfson in the United States District Court for the District of New Jersey. *See In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 2738. Plaintiffs oppose the motion to stay. The Court finds that a stay is appropriate in this case and declines to address the other pending motions.

## LEGAL STANDARD

"A district court has inherent power to stay its proceedings." *Simmons v. GlaxoSmithKline, LLC*, No. 4:15CV1397 CDP, 2015 WL 6063926, at *1 (E.D. Mo. Oct. 14, 2015) (citation omitted). "In determining whether to stay proceedings, a district court must exercise judgment by weighing 'competing interests' and maintaining 'an even balance.'" *Id.* (quoting *Bledsoe v. Janssen Pharm.*, No. 4:05CV02330 ERW, 2006 WL 335450, at *1 (E.D. Mo. Feb. 13, 2006)). When "considering a motion to stay, a Court should consider both the

---

[2] Rebecca Bathon alleges she developed ovarian as a result of her use of talc products and her husband, Allan Bathon, alleges loss of consortium as a result of his wife's cancer. Diane Curran brings this action in her capacity as the surviving child and representative of the estate of her deceased mother, Jeanette Curran, who allegedly developed ovarian cancer as a result of her use of talc products.

- 2 -

interest of judicial economy and the potential prejudice or hardship to the parties." *Lafoy v. Volkswagen Grp. of Am., Inc.*, No. 4:16CV00466, 2016 WL 2733161, at *2 (E.D. Mo. May 11, 2016) (citation omitted). "However, '[a] putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed.'" *Spears v. Fresenius Med. Care N. Am., Inc.*, No. 4:13CV855 CEJ, 2013 WL 2643302, at 1 (E.D. Mo. June 12, 2013) (quoting *T.F. v. Pfizer, Inc.*, No. 4:12CV1221 CDP, 2012 WL 3000229, at *1 (E.D. Mo. July 21, 2012) (internal quotation omitted)).

## **DISCUSSION**

Defendants argue that a stay pending transfer would promote judicial economy and consistency of rulings. Further, Defendants assert that absent a stay, the Court will waste time supervising pretrial proceedings and ruling on motions in a case that will soon be transferred to the MDL court. Further, Defendants argue that they will be significantly prejudiced and suffer hardship because they would be required to engage in duplicate discovery and motions practice. In response, Plaintiffs maintain removal was improper as complete diversity does not exist. According to Plaintiffs, Schnuck Markets, Inc. was not fraudulently joined and the Court should rule on their Motion to Remand first.

The Court finds that judicial economy weighs heavily in favor of granting a stay in this matter. "A stay will allow consistent pretrial rulings and conserve the resources of the parties, counsel, and the judiciary." *Simmons*, 2015 WL 6063926, at *1. Further, the Court notes that other recent cases presenting the same claims against the same Defendants addressed the same stay and remand issues. In those cases, the district judges stayed the proceedings pending transfer to the MDL panel. *See Kannady v. Johnson & Johnson*, No. 4:19CV292 RLW (E.D.

Mo. Feb. 27, 2019); *Benford v. Johnson & Johnson*, No. 4:18-CV-1903 RLW (E.D. Mo. Nov. 28, 2018); *Gavin v. Johnson & Johnson*, No. 4:18CV212 RLW (E.D. Mo. Mar. 6, 2018); *Johnson v. Johnson & Johnson*, No. 4:17CV2651 SNLJ (E.D. Mo. Dec. 5, 2017); *Jinright v. Johnson & Johnson*, No. 4:17CV01849 ERW (E.D. Mo. Aug. 30, 2017); *McBee v. Johnson & Johnson*, No. 4:17CV01496 JAR (E.D. Mo. June 9, 2017); *Ghormley v. Johnson & Johnson*, No. 4:17CV585 CEJ (E.D. Mo. Apr. 27, 2017); *Rice v. Johnson & Johnson*, No. 4:17CV01224 CDP (E.D. Mo. Apr. 10, 2017); *Rea v. Johnson & Johnson*, No. 4:16CV2165 SNLJ (E.D. Mo. Feb. 22, 2017). Further, a separate case before this Court was transferred to the MDL court despite the sole plaintiff's similar argument that remand was appropriate as she and a similar Missouri-based supermarket defendant, Dierbergs Markets, Inc., were both Missouri citizens. *Hannah v. Johnson & Johnson*, 4:17CV2647 RLW (E.D. Mo. Feb. 1, 2018). In the MDL Panel's Transfer Order in that case, it explicitly noted the pending motion to remand challenging subject matter jurisdiction was not a barrier to transfer: "The Panel . . . has held that jurisdictional issues generally do not present an impediment to transfer, as plaintiffs can present these arguments to the transferee judge." *Id.*; *In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 2738 (Jan. 31, 2018). The Court finds no reason to depart from these cases. Therefore, the Court will grant Defendants' motion to stay all proceedings in this matter pending a decision by the MDL court. The Court notes that Plaintiffs will have a full and fair opportunity to present their arguments for remand to the MDL court should the case be transferred to MDL No. 2738.

Accordingly,

**IT IS HEREBY ORDERED** that the Motions for Joinder in Motion to Stay All Proceedings by Defendants Cyprus Mines Corporation and Cyprus Amax Minerals Company (ECF Nos. 23 & 24) are **GRANTED.**

**IT IS FURTHER ORDERED** that the Johnson & Johnson Defendants' Motion to Stay All Proceedings (ECF No. 5) is **GRANTED.** This case shall be **STAYED** pending a decision by the MDL Panel on whether to transfer this case to MDL No. 2738 in the United States District Court for the District of New Jersey.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** without prejudice.

Dated this 6th day of May, 2019.

Ronnie L. White
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**